UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAUS AHEARN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00457-DBH |
| | ) | |
| INLAND HOSPITAL, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e).**

In this action, Plaintiff Nicholaus Ahearn seeks relief under 42 U.S.C. § 1983 and on state law claims of fraud and medical negligence against Defendant Inland Hospital arising out of Plaintiff's involuntary hospitalization.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. (ECF Nos. 4, 6). In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's amended complaint is appropriate.[1]  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's amended complaint (ECF No. 7), I recommend the Court dismiss the amended complaint.

**STANDARD OF REVIEW**

To consider the merits of Plaintiff's claims, the Court must have subject matter jurisdiction to hear the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Florio v. Olson,* 129 F.3d 678, 680 (1st Cir.1997) (providing that a court has "an obligation to inquire *sua sponte* into the subject

---

[1] Plaintiff filed his original complaint on September 8, 2016, and filed his amended complaint on September 22, 2016. Plaintiff was entitled to amend his complaint once, as a matter of course. Fed. R. Civ. P. 15(a)(1).

matter jurisdiction of its cases, and to proceed no further if such jurisdiction is lacking" (internal citations and quotations omitted).)

In addition to the primary concern over jurisdiction, when a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the

liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS

According to Plaintiff's amended complaint, Plaintiff is a 22 year-old man who lives in Eddington, Maine. (Amended Complaint at 1, ¶ 2, ECF No. 7.) Defendant is a "private hospital" located in Waterville, Maine. (*Id.* at 1, ¶ 3.) Plaintiff alleges Defendant acted "on behalf of the state through the process of involuntary hospitalization." (*Id.*)

On February 3, 2015, Plaintiff appeared in Defendant's emergency room for treatment of a "basic hand injury." (*Id.* at 2, ¶ 1.) Plaintiff alleges he was involuntarily hospitalized by Defendant for fraudulent reasons, which include Defendant's determination that Plaintiff engaged in acts of self-harm, and threatened to assault members of Defendant's staff. (*Id.* at 2, ¶¶ 3 – 7.) Plaintiff maintains he spent "approximately 1 year 6 months on involuntary treatment" including time "in a forced group home setting" and in a "mental facility." (*Id.* at 2, ¶ 10.)

Plaintiff asserts Defendant's conduct constitutes false imprisonment and an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution. (*Id.* at 2, Claim 1.) Plaintiff further alleges that Defendant is liable to him for medical malpractice and fraud. (*Id.* at 2, Claims 2 and 3.)

## DISCUSSION

"Unlike most state courts, federal courts have only limited jurisdiction. They can entertain only disputes that involve a 'federal question' or are between citizens of different states." *Cousins v. Higgins*, No. 1:14-CV-515-DBH, 2015 WL 3755272, at *2 (D. Me. June 15, 2015), *reconsideration denied,* 2015 WL 5040142 (Aug. 26, 2015). Because Plaintiff's claims present a controversy between Maine residents, the Court does not have diversity jurisdiction, and can only

exercise jurisdiction over Plaintiff's claims if Plaintiff's claims include a federal question. *Id.*; 28 U.S.C. §§ 1331, 1367.

A.   **Plaintiff's Federal Claim**

Plaintiff asserts a claim that Defendant committed a violation of his Fourth Amendment rights.[2]  He cites 42 U.S.C. § 1983 in support of his claim and this Court's jurisdiction.[3]  To state a § 1983 claim, Plaintiff must not only identify a right protected by the Constitution, but he must also assert the claim against a person or entity who can fairly be described as a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005); *Cousins*, 2015 WL 3755272, at *2; 42 U.S.C. § 1983.

Plaintiff's allegations regarding his involuntary commitment satisfy the requirement that Plaintiff allege the deprivation of a right (i.e., a liberty interest) protected by the United States Constitution.  Plaintiff seeks to satisfy the state action requirement by alleging that although Defendant is a "private hospital," Defendant was "acting on behalf of the state through the process of involuntary hospitalization." (Amended Complaint at 1, ¶ 3.)

---

[2] The Fourth Amendment applies to the States through the Fourteenth Amendment. *New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985). The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." For the Fourteenth Amendment to be implicated, the conduct complained of must be attributable to the state. The Fourteenth Amendment "offers no shield" against private conduct. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). *See also Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*, 522 F.3d 1, 3 n.1 (1st Cir. 2008) ("Section 1983's requirement of action 'under color of state law' is identical to the 'state action' requirement of the Fourteenth Amendment." (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)).

[3] Plaintiff additionally cites 28 U.S.C. § 1343, which provides *inter alia* that "district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person … [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States." 28 U.S.C. § 1343(a)(3). Section 1343 is the "jurisdictional counterpart" to § 1983. *Harpswell Coastal Acad. v. Maine Sch. Admin. Dist. No 75 (Topsham)*, No. 2:15-cv-00454-JAW, 2015 WL 7194934, at *4 (D. Me. Nov. 16, 2015).

The First Circuit Court of Appeals has held in similar cases that private hospitals and medical staff who participate in involuntary commitment proceedings are not thereby transformed into state actors. *Estades-Negroni*, 412 F.3d at 4 (affirming dismissal of constitutional claim arising from the plaintiff's involuntary commitment pursuant to Puerto Rico law); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 261 (1st Cir. 1994) (affirming dismissal of claim arising from the plaintiff's involuntary commitment pursuant to Massachusetts law). Consistent with circuit authority, this Court has found that Maine's involuntary commitment statute and procedures do not have characteristics that would support a finding that private care providers who employ or participate in the Maine involuntary commitment proceedings are state actors. *Palm v. Sisters of Charity Health Sys.*, No. 1:07-cv-00120-JAW, 2008 WL 2229764 (D. Me. May 28, 2008), *report and recommendation adopted,* 2008 WL 2593759 (D. Me. June 30, 2008) (dismissing complaint for failure to state a claim).

There are three tests for determining whether private action can be deemed state action: the state compulsion test, the nexus/joint action test, and the public function test. *Estades-Negroni*, 412 F.3d at 5. In *Estades-Negroni*, the First Circuit summarized the tests as follows:

> Under the state compulsion test, a private party is fairly characterized as a state actor when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982). The nexus/joint action test provides that a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 242 (5th Cir.1999) (internal quotation marks omitted) (first alteration in original); *see Perkins* [*v. Londonderry Basketball Club*]*,* 196 F.3d [13] at 21 [(1st Cir. 1999)]. And, in accordance with the public function test, a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been "traditionally the exclusive prerogative of the State." *Blum,* 457 U.S. at 1005 (internal quotation marks omitted).

*Id.* The Court held that the state compulsion test is not satisfied where the involuntary commitment process "does not compel or encourage involuntary commitment;" that the nexus/joint action test is not satisfied based on the mere receipt of money from the state and the use of state court procedures to authorize the commitment, particularly where the state is not involved in the decision to pursue commitment or in later decisions related to treatment during commitment; and that the public function test is not satisfied where involuntary commitment has not been the exclusive prerogative of the state and has been routinely performed by private parties. *Id.* at 6.

In this case, Plaintiff has not alleged any facts regarding Defendant's involvement in the process that would support a finding of state action under any one of the tests. In other words, Plaintiff's assertion that Defendant was "acting on behalf of the state through the process of involuntary hospitalization" is insufficient to support a finding that Defendant was a state actor.

**B.    Plaintiff's State Law Claims**

Plaintiff's remaining claims are state law causes of action for fraud and medical malpractice. Because the claims are against another entity residing in the State of Maine, this Court does not have jurisdiction over Plaintiff's state law claims.[4] 28 U.S.C. § 1332. While Plaintiff might be able to proceed in this Court with state law claims that arise out of the same

---

[4] To the extent Plaintiff attempts to assert a medical malpractice claim, Plaintiff has not alleged in his complaint or otherwise demonstrated that he has complied with the pre-litigation requirements of the Maine Health Security Act, 24 M.R.S. § 2851, et seq. Among other things, Plaintiff's filings lack any evidence to suggest Plaintiff served and filed a written notice of claim in accordance with or otherwise satisfied the requirements of 24 M.R.S. § 2853. Given Plaintiff's failure to demonstrate compliance with the Maine Health Security Act, which is a necessary prerequisite to the filing of a medical malpractice action, the Court would likely dismiss the malpractice claim even if Plaintiff stated a federal claim. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 383 (D. Me. 2011); *Kidder v. Richmond Area Health Ctr.*, 595 F. Supp. 2d 139, 143 (D. Me. 2009). *See also Hewett v. Inland Hosp.*, 39 F. Supp. 2d 84, 88 (D. Me. 1999) (remanding medical malpractice claim to state court despite existence of related federal EMTALA claim "because retaining jurisdiction until the conclusion of the screening panel proceedings would unduly delay resolution of the EMTALA claim").

controversy as a federal claim, because Plaintiff has failed to state a federal claim,[5] the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims and should also dismiss the state law claims. 28 U.S.C § 1367(a), (c); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007) (dismissal of state law claims upon declination of supplemental jurisdiction is without prejudice).

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of September, 2016.

---

[5] Although Plaintiff's allegations do not support a finding of state action, even a colorable § 1983 claim will confer subject matter jurisdiction. The dismissal of Plaintiff's § 1983 claim, therefore, is appropriately based on Plaintiff's failure to state a claim rather than the lack of federal question jurisdiction. *Alberto San, Inc.*, 522 F.3d at 3.